UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY ANNE FUENTES,

        Plaintiff,                                      Case No. 1:10-cv-200

v.                                                    HON. JANET T. NEFF

CITY OF GRAND RAPIDS, et al.,

        Defendants.
_____/

**<u>OPINION AND ORDER</u>**

Plaintiff filed this employment discrimination lawsuit on February 26, 2010, proceeding *pro se*. On July 27, 2010, Plaintiff, filed an amended complaint, alleging (1) violations of the Americans with Disabilities Act (ADA), (2) violations of the Equal Protection Clause of the Fourteenth Amendment, (2) unlawful retaliation, (4) violations of due process, (5) violations of Title VII of the Civil Rights Act, and (6) numerous state law claims (Report and Recommendation (R & R), Dkt 76 at 8-9; Pl. Am. Compl., Dkt 39). Defendants moved for summary judgment on December 10, 2010 (Dkt 62). On April 4, 2011, the Magistrate Judge filed an R & R recommending that Defendant's Motion for Summary Judgment be granted and Plaintiff's action be dismissed (Dkt 76 at 24). The matter is currently before the Court on Plaintiff's objections to the R & R (Pl. Obj., Dkt 82). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies Plaintiff's objections and issues this Opinion and Order.

## DISCUSSION

### I

Plaintiff requests the appointment of counsel and objects to the R & R on the basis of her lack of counsel (Pl. Obj., Dkt 82 at 4, 6). A plaintiff in a civil case has no constitutional right to counsel. *Gregg v. SBC/Ameritech*, 321 F. App'x 442, 447 (6th Cir. 2009). Court-appointed counsel in a civil case will only be justified in extraordinary circumstances. *Id*. To determine whether extraordinary circumstances exist, relevant factors include the type of case and the ability of the plaintiff to represent herself, i.e., the "complexity of the factual and legal issues involved." *Id*. (internal citations omitted).

In this matter, the Court finds that the factual and legal issues involved are not overly complex or unique. Additionally, Plaintiff has correctly filed multiple pleadings with the Court, including several motions granted by the Magistrate Judge, demonstrating her ability to successfully represent herself (*see* Dkts 23, 28, 38, 79, 80). The Court concludes that extraordinary circumstances do not exist in this case and that appointment of counsel is not warranted. Plaintiff's objection based on her lack of counsel is therefore denied.

### II

Plaintiff alleges various facts that this Court construes as objections to the factual findings of the Magistrate Judge (*see* Pl. Obj., Dkt 82 at 1-5; R & R, Dkt 76 at 1-9). The alleged facts supplement or corroborate, rather than contradict, the factual findings of the Magistrate Judge. As such, the Court considers the relevant facts in the light most favorable to Plaintiff for purposes of this Opinion and Order. However, the Court also finds that the additional facts asserted by Plaintiff fail to undermine any of the Magistrate Judge's legal conclusions. To the extent that Plaintiff relies

on these facts to object to the legal conclusions of the Magistrate Judge, Plaintiff's objections are denied.

## III

Plaintiff objects to the Magistrate Judge's findings that Plaintiff was unable to perform the essential functions of the Office Assistant IV (OA IV) position and objects to the functions deemed to be "essential functions" of an OA IV (Pl. Obj., Dkt 82 at 2-4).  Plaintiff offers only conclusory or unsupported allegations in support of her objection (Pl. Obj., Dkt 82 at 3-4; *see*, e.g., Dkt 82-1 at 7).  Thus, the Court finds that the Magistrate Judge properly determined that "Defendants have met their burden of establishing that the essential functions of the positions of Office Assistant I and Office Assistant IV are as articulated . . . ." (R & R, Dkt 76 at 15).  The Court also finds that the Magistrate Judge properly determined that "the evidence reveals that Plaintiff's mental impairments . . . rendered her incapable of performing the essential job functions of an Office Assistant IV" (*id.* at 16).  Plaintiff's objection is thus without merit and is denied.

Plaintiff also objects to the Magistrate Judge's determination that Defendants offered Plaintiff a reasonable accommodation for her disability.  Plaintiff argues that Defendants failed to comply with her request for reasonable accommodation, made in a meeting during July of 2005 (Pl. Obj., Dkt 82 at 4).  Plaintiff also appears to argue that Defendant's failure to offer Plaintiff a Maintenance Assistant I position constituted a failure to offer Plaintiff a reasonable accommodation under the ADA (Pl. Obj., Dkt 82 at 3).  *See* ADA, 42 U.S.C. § 12111(9) ("reasonable accommodation may include . . . reassignment to a vacant position . . . appropriate adjustment or modifications of . . . policies, . . . and other similar accommodations for individuals with disabilities.").  Plaintiff's argument is without merit.

3

Under the ADA, "although an employee is not required to accept an offered accommodation, if an individual rejects a reasonable accommodation, the individual will no longer be considered a qualified individual with a disability." *Hedrick v. Western Reserve Care Sys.*, 355 F.3d 444, 457 (6th Cir. 2004). A comparable or a lower-graded position may constitute a reasonable accommodation if the individual is not qualified for the original position. *Id.* An employer is not required to "'provide a specific accommodation if another reasonable accommodation is instead provided.'" *Id.* (*quoting Hankins v. The Gap, Inc.*, 84 F.3d 797, 800-01 (6th Cir. 1996)).

As previously stated, the Magistrate Judge properly determined that Plaintiff was incapable of performing the essential functions of an OA IV (R & R, Dkt 76 at 16). Plaintiff does not contest that she was offered an Office Assistant I position by Defendants and that she subsequently refused Defendant's offer (R & R, Dkt 76 at 7-8, 17). Plaintiff thus rejected an offer that constituted a reasonable accommodation, and was therefore no longer a qualified individual under the ADA. The Court therefore denies Plaintiff's objection to the Magistrate Judge's dismissal of Plaintiff's ADA claim as the Magistrate Judge's grant of summary judgment was proper.

**IV**

Plaintiff also objects to the Magistrate Judge's reference to her 2007 EEOC complaint, determining that her retaliation and Equal Protection claims be dismissed on *res judicata* grounds. (Pl. Obj., Dkt 82 at 5; R & R, Dkt 76 at 20). The Court construes this objection as regarding the timing of Plaintiff's EEOC complaint in relation to the termination of Plaintiff's employment by Defendant. Plaintiff's objection concurs factually with the findings of the Magistrate Judge (R & R, Dkt 76 at 8, 20). Since Plaintiff fails to allege and provide evidence of facts substantially different than those found by the Magistrate Judge, Plaintiff's objection is without merit, as it relates

to Plaintiff's retaliation and Title VII claims (R & R, Dkt 76 at 20-22). Plaintiff's objection is therefore denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007)).

Therefore:

**IT IS HEREBY ORDERED** that Plaintiff's Objections (Dkt 82) are DENIED and the Report and Recommendation (Dkt 76) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (Dkt 62) is granted and Plaintiff's federal claims are DISMISSED WITH PREJUDICE for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that Plaintiff's state law claims are DISMISSED WITHOUT PREJUDICE for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the Judgment would not be taken in good faith.


DATED: July 28, 2011           /s/ Janet T. Neff
                               JANET T. NEFF
                               United States District Judge